IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GBEKE MICHAEL AWALA | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JFM-07-576 |
| | | |
| CHIEF JUSTICE JOHN G. ROBERTS JR., et al. | * | |
| Defendants. | * | |
| | *** | |

## **MEMORANDUM**

On March 1, 2007, plaintiff, an inmate housed at the Moshannon Valley Correctional Center ("MVCC") in Philipsburg, Pennsylvania,[1] filed this civil rights complaint for release from confinement and damages against various federal court justices and judges, the Secretary of the U.S. Department of Homeland Security, and the United States Attorney General. Paper No. 1. His complaint contains rambling and indecipherable statements, but appears to raise a challenge to prior federal court decisions and the existence of birth records in the custody of the federal government.

The complaint is accompanied by a motion to proceed *in forma pauperis*. Plaintiff's action may not, however, proceed as he has accumulated three "strikes" or dismissals of his prior prisoner civil actions and appeals pursuant to 28 U.S.C. § 1915(e).[2] 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in ac civil action or proceeding under this section if the prisoner on 3 or more prior occasion, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

---

[1] According to U.S. Bureau of Prisons ("BOP") facility locator and plaintiff's attachments, plaintiff is a BOP inmate housed at MVCC, a contract facility run by a private corrections company.

[2] *See Awala v. Delta Air Lines*, Civil Action No. JEC-05-2128 (N.D. Ga. Aug. 31, 2005); *Awala v. Wachovia Corp.*, No. 05-3381 (3rd Cir. Dec. 8, 2005); *Awala v. People Who Want to Restrict Our First Amendment Rights*, No. 05-3863 (3rd Cir. Dec. 8, 2005); *Awala v. Delaware River and Bay Auth. Police Dep't*, Civil Action No. KAJ-05-97 (D. Del. Dec. 15, 2005); *Awala v. State of New Jersey Dep't of Corrections*, Civil Action No. FLW-05-2362 (D. N.J. Aug. 23, 2005; and *Awala v. Federal Pub. Defender*, Civil Action No. KAJ-05-281 (D. Del. Aug. 5, 2005). This court will continue to rely on those rulings to enter § 1915(g) dismissals when appropriate. *See Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998 ) (district court must cite specific case information upon which it issued a § 1915(g) dismissal).

fails to state a claim upon which relief may be granted, unless the prisoners is under imminent danger of serious physical injury.

This case does not fall under the "imminent danger" exception to § 1915(g).[3]  *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *see also Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318 (3d Cir. 2001) (en banc).  Plaintiff is therefore not entitled to leave to proceed in forma pauperis.

A separate Order will be entered dismissing the action without prejudice.  Plaintiff is advised that he may re-file this action upon payment of the $350.00 civil filing fee.[4]  A separate Order follows.

Date:  March 15, 2007            /s/_____
                                 J. Frederick Motz
                                 United States District Judge

---

[3] Plaintiff makes a number of bald assertions regarding a serious medical injury and the failure of prison officials to honor his religious preferences.  There is no nexus between these allegations and the named defendants.  In any event, should the plaintiff wish to raise constitutional claims against MVCC officials with regard to medical care and religious exercise he is free to file a complaint in the United States District Court for the Middle District of Pennsylvania and to present any § 1915(g) exception arguments.  This court has no venue over such a matter.

[4] This should not be construed as an opinion that a re-filed, fee-paid complaint for damages and injunctive relief would go forward.  Plaintiff's complaint seemingly relates to his illegal reentry conviction in the U.S. District Court for the District of Delaware and it may not proceed unless he demonstrates that his federal conviction has been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).